Receipt Number
352645

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

LOUISE S. CAFOLLA,                    :

    Plaintiff,                          :

v.                                    :

GULF COAST COLLECTION BUREAU, :
INC.

    Defendant.                          :

Case: 2:07-cv-10078
Assigned To: Cox, Sean F
Referral Judge: Scheer, Donald A
Filed: 01-03-2007 At 02:57 PM
REM CAFOLLA V. GULF COAST COLLECTIO
N BUREAU INC (TAM)

**NOTICE OF REMOVAL**

---

Now comes Defendant Gulf Coast Collection Bureau, Inc., pursuant to 28 U.S.C. §§ 1331, 1441, and 15 U.S.C. § 1692k(d), and files this Notice of Removal, and in support hereof scts forth the following grounds:

1.    On or after November 28, 2006, Defendant Gulf Coast Collection Bureau, Inc., was served with Plaintiff's Complaint, a copy of which is attached hereto, in an action entitled <u>Louise S. Cafolla v. Gulf Coast Collection Bureau, Inc.</u> filed of record with the clerk of the 47th District Court, Michigan.

2.    Plaintiff's Complaint purports to set forth a cause of action under 15 U.S.C. §§ 1692 *et seq.*

3.    This Court has original jurisdiction over Plaintiff's cause of action based on 15 U.S.C. §§ 1692, *et seq.*, as set forth in 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Pursuant to 28 U.S.C. § 1441, therefore, the civil action pending in the 47th District Court, Michigan., is removable to this Court.

4.    Along with this Notice of Removal, Defendant is filing its Answer to Plaintiff's Complaint with the Clerk of the United States District Court for the Eastern

District of Michigan.

5.   Thirty (30) days have not yet expired since receipt of Plaintiff's Complaint.

6.   Copies of all process, pleadings and orders served upon Defendant in this action are attached hereto.

7.   Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff by ordinary mail on this date and has also forwarded a Notice for filing with the clerk of 47th District Court, Michigan regarding this Notice of Removal.

WHEREFORE, Defendant prays that the above-captioned action now pending in 47th District Court, Michigan, be removed therefrom and placed on the regular docket of the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

Jeffrey C. Turner (OH # 0063154)
Boyd W. Gentry (OH # 0071057)
SURDYK, DOWD & TURNER CO., L.P.A.
Kettering Tower Suite 1610
40 N. Main Street
Dayton, OH 45423
Tel.:   (937) 222-2333
Fax:   (937) 222-1970
jturner@sdtlawyers.com
bgentry@sdtlawyers.com
Trial Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via U.S. mail to

the following on December 28, 2006:

Brian P. Parker, Esq.,
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
Attorney for Plaintiff

Jeff Smolek

Venture Plaza 3150 Livernois, Suite 335
Troy, Michigan 48083
jsmolek@paludasmolek.com

Attorney for Defendant in the
47th District Court, Michigan

Jeffrey C. Turner (OH # 0063154)
Boyd W. Gentry (OH # 0071057)
SURDYK, DOWD & TURNER CO., L.P.A.
Kettering Tower Suite 1610
40 N. Main Street
Dayton, OH 45423
Tel.:    (937) 222-2333
Fax:    (937) 222-1970
jturner@sdtlawyers.com
bgentry@sdtlawyers.com
Trial Attorneys for Defendant

SUMMONS AND COMPLAINT
Case No.

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| _ OFFICER CERTIFICATE | OR | _ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2), and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

_ I served personally a copy of the summons and complaint,
_ I served by registered or certified mail (copy of return receipt attached) ___ a copy of the summons and complaint,
together with * _____ on the defendant(s):

Attachment

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

_ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

I have made the following efforts in attempting to serve process: _____

_ I have personally attempted to serve the summons and complaint, together with _____

Attachment

at _____ and have been unable to complete service because
Address
the address was incorrect at the time of filing.

| Service fee | Miles traveled | Mileage fee | Total fee | |
|---|---|---|---|---|
| $ | | $ | $ | Signature |

Title

Subscribed and sworn to before me on * _____ , _____ County, Michigan.
Date

My commission expires: * _____ Signature: _____ Date
Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint and required fees, if any, together with:

_____ on _____
Attachment(s) Day, date, time

_____ on behalf of _____
Signature

MCR 2.105

IN THE 47ᵗʰ DISTRICT COURT

FOR THE STATE OF MICHIGAN

LOUISE S. CAFOLLA

        Plaintiff,

-vs-

GULF COAST COLLECTION BUREAU, INC

        Defendant.

Case No.
Hon.

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (Fax)
lemonlaw@ameritech.net
www.collectionstopper.com

_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **LOUISE S. CAFOLLA** (Plaintiff), by and through counsel, brings this action

against the above listed Defendants, **GULF COAST COLLECTION BUREAU, INC**

("**Defendant**"), on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and seeks actual damages,

punitive damages, costs and attorney's fees.

### II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Farmington Hills, Oakland County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Corporation in the State of Florida. **Defendant has made all contacts with Plaintiff in Farmington Hills, State of Michigan.**

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6). **Defendant and Defendant representatives are not licensed to collect debts in the State of Michigan**.

### III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq.* The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. 1367.

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose fo which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692e(5) by threatening Plaintiff with a lawsuit that was not possible given that the Defendant is threatening Plaintiff for a debt she does not owe and the Defendant has not responded to Plaintiff's validation request.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Michigan Collection Practices Act (MCPA), MCLA 445..251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445..251 (1) (b).

14.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251 (1)(d).

15.

Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.

    (ii) The legal rights of the creditor or debtor.

    (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(l) Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by t he debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

16.

Under The Michigan Collection Practices Act, MCLA 445..257 et seq.(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

## V. FACTUAL ALLEGATIONS

17.

In 2006, Plaintiff started to receive calls and letters from Defendant for a debt she disputes as not owed. Defendant's representative, Jim Williams, contacted Plaintiff in March and April seeking money for a medical debt.

18.

Defendant's representative, Jim Williams, stated he was from a debt collector but at no time did he follow the FDCPA, 15 U.S.C. § 1692g(a) requirements notifying Plaintiff of her validation rights. Plaintiff did not receive anything in writing from Defendant's within five days thereafter. Plaintiff disputed the debt with Mr. Williams.

19.

In May of 2006, Plaintiff received a letter from Defendant. **Please see Exhibit 1**.

20.

Defendant did not contact Plaintiff in writing within five days of the initial communication

with Plaintiff in March of 2006. The letter at **Exhibit 1** that Plaintiff received in May of 2006, did not contain the mandatory "mini miranda" language of 1692g(a) that requires

> (3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21.

On or about May 23, 2006, Plaintiff sent a certified letter to Defendant stating that "I dispute -Validation requested-Do not call-Cease Collection Activity." **Please see Exhibit 2**.

20.

On or about May 30, 2006, Plaintiff received a letter from Defendant acknowledging receipt of the May 23, 2006 correspondence and the letter further stated that the account would be "reported to the Consumer Credit Reporting Agencies as a disputed collection account until you remove the dispute or otherwise settle this account." **Please see Exhibit 3.**

21.

In October of 2006 Plaintiff discovered that the debt was on her credit report and marked as "derogatory" and not marked "disputed" as the law requires and Defendant acknowledged. **Please**

see Exhibit 4. Plaintiff wrote a letter to complain and dispute this credit reporting with her "Intent to Sue" letter. **Please see Exhibit 5.** Plaintiff checked her credit again in November of 2006 and discovered that the trade line was still listed as "derogatory." **Please see Exhibit 6**

22.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA AND MCPA

23.

Defendant has violated the FDCPA, 15 U.S.C. §1692e(2) by falsely representing the character, amount or legal status of any debt here.

24.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a) by failing to alert Plaintiff as to the 30-day validation notice rights of the Plaintiff in the initial communication.

25.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt that was not validated.

26.

The defendant has violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect any amount (including interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement and not signed by Plaintiff that creates the debt

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(8) communicating credit information which is known to be false and disputed to the credit reporting bureaus.

28.

Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in his contact of Plaintiff.

29.

Defendant has violated MCLA 445.252 (f), (I) and (ii) by misrepresenting the legal status of the debt and the collection status.

30.

Defendant has violated MCLA 445.252 (a), (c), (I), (n) and (q) in making an inaccurate, misleading and untrue statement regarding the legal rights of Plaintiff in collecting the debt.

31.

Defendant has violated MCLA 445.252 (s) in that Defendant and Defendant employees are collecting debts in the State of Michigan without a license with the State of Michigan Collection Licensing Bureau.

32.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, treble damages and his attorney fees and costs. and further statutory damages under the act.

33.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has

handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For attorneys' fees and costs incurred in this action;
5. For Triple Damages under the MCPA, and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 28th day of November, 2006.

Respectfully submitted,

BRIAN P. PARKER (P48617)
Attorney for Plaintiff

5630 Marquesas Circle
Sarasota FL 34233-3331
FORWARDING SERVICE REQUESTED



**GULF COAST COLLECTION BUREAU INC**

EXhibit#1

May 11, 2006

GULF COAST COLLECTION BUREAU INC
5630 Marquesas Circle
Sarasota FL 34233-3331

84-00P   52851   7572

Louise Calolta

Master Account #:   294
Total Amount: $02/04/06

---

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

*Please Call (941) 684-1710 or (877) 827-4820*

| Creditor | Account # | Regarding | Amt Owed | Serv Date |
|---|---|---|---|---|
| Orthotic & Prosthetic C | 441 | | 1906.00 | 02/04/06 |

## REMINDER

This letter is intended to update you with regard to the current balance on your account. Please return this statement with your next payment. We have included an envelope for your convenience.

This is a communication from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

---

If you wish to pay by VISA, MasterCard or Discover, fill in the information below and return the entire letter to us.
You MUST include the 3-digit security number, found on the back of your credit card.

| Account Number | 3-Digit Security # | Payment Amount | Expiration Date |
|---|---|---|---|
| | | $ | / |

Card Holder Name                    Signature of Card Holder                    Date

5-23-06
I dispute —
validation requested
DO NOT CALL
Cease collection activity.
Louise Cafolla

GULF COAST COLLECTION BUREAU, INC. • 5630 Marquesas Circle • Sarasota FL 34233-3331 • (941) 927-8999 • (888) 830-6999



5830 Marquesas Circle
Sarasota FL 34233-3331
FORWARDING SERVICE REQUESTED

May 11, 2006

GULF COAST COLLECTION BUREAU INC
5830 Marquesas Circle
Sarasota FL 34233-3331

●●64-00P   52851   7572

Louise Catolla

Master Account #: ●●●94
Total Amount: $02/04/06

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

*Please Call (941) 684-1710 or (877) 827-4820*

| Creditor | Account # | Regarding | Amt Owed | Serv Date |
|---|---|---|---|---|
| Orthotic & Prosthetic C ●●441 | | | 1906.00 | 02/04/06 |

# REMINDER

This letter is intended to update you with regard to the current balance on your account. Please return this statement with your next payment. We have included an envelope for your convenience.

This is a communication from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

If you wish to pay by VISA, MasterCard or Discover, fill in the information below and return the entire letter to us.
You MUST include the 3-digit security number, found on the back of your credit card.



GULF COAST COLLECTION BUREAU, INC. ● 5830 Marquesas Circle ● Sarasota  FL  34233-3331 ● (941) 927-6999 ● (888) ●●●-●●●●



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gulf Coast Collection Bureau, Inc.
5630 Marquesas Cir
Sarasota, FL 34233-3331

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
m. melly                               04/06

C. Signature
X  m. m. mill                     ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7001 1140 0002 1385 6595

PS Form 3811, March 2001       Domestic Return Receipt       102595-01-M-1424

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

**OFFICIAL USE**

UNIT ID: 0906

| | | |
|---|---|---|
| Postage | $ | 0.39 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

05/23/06

Sent To
Gulf Coast Collection Bureau Inc
Street, Apt. No.; or PO Box No.
5630 Marquesas Cir
City, State, ZIP+4
Sarasota, FL 34233-3331

PS Form 3800, January 2001        See Reverse for Instructions

7001 1140 0002 1385 6595



# Gulf Coast Collection Bureau, Inc.

5630 Marquesas Circle Sarasota, FL 34233

May 30th, 2006

CAFOLLA, LOUISE



Re:   ORTHOTIC & PROSTHETIC CTR

Dear Mr./Mrs. CAFOLLA

We are in receipt of your letter dated May 23, 2006.  We have updated the status of this account to a disputed status.  We have investigated the nature of this dispute and have determined that this balance is valid, due, and owing.  This account will be reported to the Consumer Credit Reporting Agencies as a disputed collection account until you remove the dispute or otherwise settle this account.

Please contact me at 866-505-5711 if you wish to discuss this matter further.

Thank you,

Jim Williams, Account Manager
Gulf Coast Collection Bureau, Inc.

"This is an attempt to collect a debt, and any information obtained
will be used for that purpose."

EXHIBIT #4

**DAIMLERCHRYS**

| | | | |
|---|---|---|---|
| Account No.: | 9274*** | Condition: | Closed |
| Balance: | $0 | Type: | Lease |
| Pay Status: | Current | Past Due: | $0 |
| High Balance: | $11289 | Terms: | |
| Limit: | | Payment: | $313 |
| Opened: | 06/01/1998 | Reported: | 06/01/2001 |
| Responsibility: | Individual | | |

Late Payments (last 7 years):
| | |
|---|---|
| 30 Days Late: | 3 |
| 60 Days Late: | 0 |
| 90 Days Late: | 0 |

Two Year Payment History:

Transunion  [boxes]  X

Jan Jul Aug Sep Oct Nov Dec '00 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '01 Feb Mar Apr May

Remarks:

[TransUnion] Closed


**VERIZON FL**

| | | | |
|---|---|---|---|
| Account No.: | 31* | Condition: | Open |
| Balance: | | Type: | Utility company |
| Pay Status: | Current | Past Due: | |
| High Balance: | | Terms: | |
| Limit: | | Payment: | |
| Opened: | | Reported: | 04/30/2006 |
| Responsibility: | Individual | | |

Late Payments (last 7 years):
| | |
|---|---|
| 30 Days Late: | 0 |
| 60 Days Late: | 0 |
| 90 Days Late: | 0 |

Two Year Payment History:

Transunion

Apr May Jun Jul Aug Sep Oct Nov Dec '05 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '06 Feb Mar

Remarks:

[TransUnion]


**Other Accounts:** Accounts in which the exact category is unknown
None Reported

**Collection Accounts:** Accounts seriously past due

**GULF CST COL**

| | | | |
|---|---|---|---|
| Account No.: | *477 | Original Creditor: | MED102 ORTHOTIC PROSTHETIC CTR |
| Responsibility: | Individual | Condition: | Derogatory |
| Original Balance: | $1906 | Balance: | $1906 |
| Date Opened: | 04/26/2006 | Date Reported: | 09/01/2006 |

Remarks:



*Exhibit#5*

Louise Cafolla

FAX 248 855-6541

## Intent to Sue

October 20, 2006

ATTN: Jack W. Brown
Registered Agent
Gulf Coast Collection Bureau, Inc.
5630 Marquesas Circle
Sarasota, FL 34233

RE: Acct. ●●●294

TO WHOM IT MAY CONCERN:

I recently received a copy of my credit report and see that you have inserted an account, which contains several willful inaccuracies. This letter is my notice to you of my intent to sue Gulf Coast Collection Bureau, Inc. It is also your opportunity to avoid the additional time and expense you will incur defending yourself.

First violation, in spite of your May 30, 2006 letter acknowledging this is a disputed account and should be reported as in dispute, you have not reported the disputed status as required by 15 USC § 1681s-2.

Second violation, you reported an inaccurate DATE OPENED. I have recorded phone messages left by your organization which substantially pre-date April 26, 2006.

Third violation, 15 USC § 1692g requires you to provide me a statement of my rights with in 5 days of your initial contact. You have never provided such a statement.

Fourth violation, your initial WRITTEN communication, May 11, 2006, does contain a notice you are a debt collector, but does not provide any notice to me of my right to dispute or request validation.

Each of the above is also a violation Michigan law (see MCL 339.917(k)). As such, I am entitled to further recovery under Michigan statutes. Should I file a complaint with the state Attorney General you could be fined $2,500.00 for each violation.

My suit will seek $2,000.00 in statutory damages for the two FCRA violations and $1,000.00 for the FDCPA violations plus my actual damages plus your liabilities under Michigan law plus costs and attorney's fees. My attorney files in United States Federal Court for the Eastern District of Michigan. He charges $300.00 per hour.

You have a choice. You can settle now or after I file suit. By settling now you save your legal costs, my attorney's fees and all your liabilities under Michigan law.

To settle now, forward your settlement check, payable to me, in the amount of $3,000.00 along with a properly executed copy of the enclosed settlement agreement.

I will wait twenty-one (21) days from your receipt of this letter before instructing my attorney to file suit.    All further communication between us shall remain in writing.

Give this the serious attention it deserves.

Sincerely,

Louise Cafolla

Louise Cafolla

Attached: Settlement Agreement

Online Personal Credit Reports & Credit Scores - TrueCredit

Exhibit #6

**GULF CST COL**

| | | | |
|---|---|---|---|
| Account No.: | 8477 | Original Creditor: | MED102 ORTHOTIC PROSTHETIC CTR |
| Responsibility: | Individual | Condition: | Derogatory |
| Original Balance: | $1906 | Balance: | $1906 |
| Date Opened: | 04/26/2006 | Date Reported: | 11/03/2006 |
| Remarks: | | | |

[TransUnion] Account closed by consumer

## PUBLIC INFORMATION

None Reported

## INQUIRIES

| Creditor Name | Date of Inquiry | Credit Bureau |
|---|---|---|
| DAIMLRCHRYSL | 11/14/2006 | TransUnion |
| CSC MTG | 10/31/2006 | TransUnion |
| Sears/CBSD | 07/02/2006 | TransUnion |
| DAIMLRCHRYSL | 03/31/2006 | TransUnion |
| HSBC/WLCTY | 12/11/2004 | TransUnion |

## CREDITOR CONTACTS

| Creditor Name | Address | Phone Number |
|---|---|---|
| ABN AMRO | 2600 W BIG BEAVER M0904 470 RESEARCH TROY , MI 48084 | (248) 457-5234 |
| AMERICAN EXPRESS | P O BOX 297871 FORT LAUDERDAL , FL 33329 | (800) 874-2717 |
| AMERICAN GENERAL FINANCE | P O BOX 59 EVANSVILLE , IN 47701 | |
| AMERICAN SUZUKI AUTOMOTI | PO BOX 680020 / 20 FRANKLIN , TN 37068 | |
| BANK OF AMERICA | PO BOX 1598 NORFOLK , VA 23501 | (800) 444-8430 |
| BANK OF AMERICA MBNA | PO BOX 17054 WILMINGTON , DE 19884 | (800) 421-2110 |
| CHASE BANK USA NA | BANK ONE CARD SERV 800 BROOKSEDGE BLV WESTERVILLE , OH 43081 | (800) 945-2006 |
| CITIBANK SD NA | POB 6241 SIOUX FALLS , SD 57117 | (800) 950-5115 |
| COMERICA BANK | POB 2928 TOLEDO , OH 43606 | |
| DAIMLERCHRYSLER LLC | P O BOX 9223 FARMINGTON HIL , MI 48333 | |
| DAIMLRCHRYSLRFINSVCAMRLL | P O BOX 5055 SOUTHFIELD , MI 48086 | |

| | | |
|---|---|---|
| DISCOVER FINANCIAL SERVI | POB 15316 | |
| | WILMINGTON , DE 19860 | |
| ELAN FINANCIAL SVCS | CB DISPUTES PO BOX 108 | (800) 451-3484 |
| | SAINT LOUIS , MO 63166 | |
| FASHION BUG | PO BOX 84073 | |
| | COLUMBUS , GA 31908 | |
| FIRST USA BANK N.A. | CORRESPONDENCE P O BOX 8650 | |
| | WILMINGTON , DE 19899 | |
| GEMB/JC PENNEY | PO BOX 981127 | |
| | EL PASO , TX 79998 | (866) 396-8254 |
| GEMB/JCPENNEY | PO BOX 981127 | |
| | EL PASO , TX 79998 | (866) 396-8264 |
| GEMB/MERVYN'S | PO BOX 981127 | |
| | EL PASO , TX 79998 | |
| GULF COAST COLLECTION BU | ATTN ROY DILLARD 3621 WEBBER | (866) 753-7487 |
| | STREET | |
| | SARASOTA , FL 34232 | |
| HSBC VALUE CITY DEPT | P O BOX 15519 | (302) 478-9066 |
| | WILMINGTON , DE 19860 | |
| HSBC VALUE CITY DEPT STO | POB 15521 | |
| | WILMINGTON , DE 19805 | |
| KOHLS DEPARTMENT STORE | N56 W17000 RIDGE | (262) 703-7000 |
| | MENOMONEE FALL , WI 53051 | |
| LASALLE BANK | 2600 W BIG BEAVER | |
| | TROY , MI 48084 | |
| MACYS DEPARTMENT STORES | 3039 CORNWALLIS RD | |
| | DURHAM , NC 27709 | |
| MARSHALL FIELD'S | P O BOX 1528 | |
| | MARYLAND HEIGH , MO 63043 | |
| NATIONAL CITY BANK | KA162J P O BOX 600 | |
| | PORTAGE , MI 49081 | |
| NATIONAL CITY CARD SERVI | K A19 2J ONE NCC PKWY | |
| | KALAMAZOO , MI 49009 | |
| NATIONALCITYBANK/CSCMTG | 205 W FOURTH ST CREDIT AW | (513) 651-8280 |
| | EMPIRICA | |
| | CINCINNATI , OH 45202 | |
| RNB-DAYTON/HUDSON/FIELDS | 3701 WAYZATA BLVD MAIL STOP 2 | (800) 699-2396 |
| | CF | |
| | MINNEAPOLIS , MN 55416 | |
| Sears/CBSD | P O BOX 6 | (208) 322-6100 |
| | BOISE , ID 83707 | |
| TARGET NATIONAL BANK | 3701 WAYZATA BLVD 2CF | |
| | MINNEAPOLIS , MN 55416 | |
| THE LIMITED | PO BOX 337001 | |
| | NORTHGLENN , CO 80233 | |
| VERIZON FL | PO BOX 165018 | |
| | COLUMBUS , OH 43216 | |
| WELLS FARGO HOME MORTGAG | 4680 HALLMARK PRKY | |
| | SAN BERNARDINO , CA 92407 | |

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Louise S. Cafolla | Gulf Coast Collection Bureau, Inc. |

**(b)** County of Residence of First Listed Plaintiff    Oakland County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Parker, The Law Offices of Brian P. Parker PC, 30700 Telegraph Road, Suite 1580, Bingham Farms, MI 48025 (248) 642-6268

Attorneys (If Known)
Jeffrey C. Turner and Boyd W. Gentry, Surdyk, Dowd & Turner Co., L.P.A., Kettering Tower Suite 1610, 40 N. Main St., Dayton, Ohio 45423 (937) 222-2333

**II. BASIS OF JURISDICTION** (Select One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff)
(For Diversity Cases Only)

Citizen of This State
Citizen of Another State
Citizen or Subject of a Foreign Country

Case: 2:07-cv-10078
Assigned To: Cox, Sean F
Referral Judge: Scheer, Donald A
Filed: 01-03-2007 At 02:57 PM
REM CAFOLLA V. GULF COAST COLLECTIO
N BUREAU INC (TAM)

**IV. NATURE OF SUIT** (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Select One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC section 1692 et seq.
Brief description of cause:
Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE
December 28, 2006
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

ANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously
         discontinued or dismissed companion cases in this or any other
         court, including state court? (Companion cases are matters in which
         it appears substantially similar evidence will be offered or the same
         or related parties are present and the cases arise out of the same
         transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :